An answer praying for damages cannot be filed the day the cause is set for argument.
The plaintiff must pay costs, if no amicable demand is proved.

## MEAD vs. OAKLEY.

APPEAL from the court of the sixth district —the judge of the 7th presiding.

MARTIN, J. delivered the opinion of the court. In this case the appellee did not file

his answer until on the day the cause was

argued, and the appellant urged that it could not be received, as it prays for *damages.*

We think it cannot: the code of practice, 890, has an express provision to that effect.

The only question the case presents, is one of costs—they were given below, although amicable demand was not proved: the defendant having expressly denied any was made.

The plaintiff and appellee relies on the code of practice, 549. In every case the costs shall be paid by the party, except in case of compensation or real tender.

The court law of 1813 § 31, requires an amicable demand, *verbally, or in writing,* before the institution of suit, and declares that without it, the plaintiff shall pay costs. This section might be said to be repealed by the 549th article of the code of practice, if the 169th article had not provided that it is not necessary previous to bringing a suit, to make an amicable demand in writing. This is a negative, pregnant with the affirmative, that the verbal one is still so, and the provision of the act of 1813 is not repealed.

The district judge erred in giving costs to the plaintiff.

Western Dis,
*October* 1828,

MEAD
*vs,*
OAKLEY.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and that there be judgment for the plaintiff, for six hundred and ninety dollars, with interest at ten per cent, from the sixth day of September 1825, until paid.

*Flint* for the plaintiff—*Oakley* for the defendant.